UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT TRAINING AND REHABILITATION, ex. Rel. Chagolla,<br><br>　　　　　　Plaintiff,<br>　v.<br>Lyft, Inc.,<br>　　　　　　Defendant. | Case No. 3:23-cv-00442-ART-CLB<br><br>ORDER |

On behalf of Nevada's Department of Employment Training and Rehabilitation ("DETR"), Plaintiff Christina Chagolla ("Relator") commenced this *qui tam* action against Defendant Lyft, Inc. ("Lyft") in the Second Judicial District Court of Nevada pursuant to the Nevada False Claims Act ("NFCA"). (ECF No. 1-1.) After the Nevada Attorney General did not intervene in this action, Lyft removed it to federal court. (ECF No. 1.) Thereafter, the Court granted the parties' stipulation for Relator to file a first amended complaint ("FAC"). (ECF No. 18.) Before the Court is Defendant Lyft's motion to dismiss (ECF No. 22) Relator's FAC (ECF No. 19). Realtor responded (ECF No. 28), and Lyft replied (ECF No. 31). For the reasons described herein, the Court denies Defendant's motion to dismiss.

**I.　Background**

The complaint describes Lyft as "a transportation company…that contracts with drivers in the state of Nevada to provide personal transportation services to persons in the state of Nevada." (ECF No. 19 at 2.) Lyft considers these drivers to be independent contractors. (*Id.*) Relator formerly acted as a driver for Lyft from approximately July 2019 through September 2022. (*Id.* at 2-3.) Relator's FAC is

1

a *qui tam* action against Lyft comprised of a single count under the NFCA. (*Id.* at 8.)

The basis of Relator's NFCA claim is that Lyft knowingly misclassifies its drivers as independent contractors for the purposes of Nevada unemployment tax and has thus unlawfully avoided paying unemployment taxes to the State of Nevada. Relator argues that Lyft's drivers do not fall under the independent contractor exemption from Nevada's unemployment compensation tax, NRS 612.085. (*Id.* at 6-7.) Additionally, Relator argues that Lyft failed to affirmatively apply to the DETR for an independent contractor exemption from Nevada's unemployment compensation tax. (*Id.* at 8.) Thus, Relator alleges that drivers for Lyft must be considered employees pursuant to NRS 612.085. (*Id.* at 6). According to Relator, Lyft, therefore, "defrauded the state of Nevada by failing to pay monies to the state of Nevada's unemployment compensation system." (ECF No. 28 at 2.)

Lyft now moves the Court to dismiss Relator's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Relator failed to state a NFCA claim upon which relief can be granted. (ECF No. 22.)

## II. Defendant's Motion to Dismiss

### A. Legal Standard

A party may seek the dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating the sufficiency of a complaint challenged by a motion to dismiss under Rule 12(b)(6), the court must first accept as true all well-pled factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a

factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

After accepting all-well pled factual allegations as true, the court must then consider whether the complaint contains sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678–79 ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

Additionally, a claim under the NFCA must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011). Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted). But "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

//

**B. Analysis**

The NFCA provides for *qui tam* actions for so called "reverse false claims" under NRS 357.040(1)(g). Under the NFCA, a reverse false claim occurs when a person "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State or a political subdivision." NRS 357.040(1)(g). An "obligation" is "any established duty, regardless of whether the duty is a fixed duty, arising from…a statute or regulation." NRS 357.024(5). A person acts "knowingly" if they (1) have knowledge of the information (2) act in deliberate ignorance of whether the information is true or false, or (3) act in reckless disregard of the truth or falsity of the information. NRS 357.040(3)(a)-(c).

Defendant's motion to dismiss contains four bases for dismissal of Realtor's complaint: (1) Relator's claim is barred by the Nevada Supreme Court's holding in *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct. of Nevada*, 127 P.3d 1088 (Nev. 2006) (hereinafter "*IGT*"), (2) NRS 612.085 does not require businesses to seek a prior exemption before engaging independent contractors, (3) the Court lacks jurisdiction over Relator's claim under the NFCA's public disclosure bar, and (4) Relator's claim does not meet the pleading requirements of Rule 9(b) because the complaint fails to allege a false statement. These arguments are addressed in turn.

**1. Application of *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct. of Nevada*, 127 P.3d 1088 (Nev. 2006)**

Defendant first argues that the holding in *IGT* applies to the case at hand. Defendant cites *IGT* for the proposition that "determinations of fact-based legal issues under the tax statutes should not be made by the courts." *IGT*, 127 P.3d at 1105-1106. Defendant asserts that the questions of (1) whether a business must affirmatively seek an exemption under NRS 612.085 and (2) whether Lyft drivers are independent contractors or employees under NRS 612.085 is a

4

1    determination that cannot be made by the courts, and must be made by the
2    DETR.
3        The circumstances in *IGT* are quite different from the present action. In
4    *IGT*, a private plaintiff brought a *qui tam* action under the NFCA. After the
5    Attorney General intervened, he sought dismissal of the case, arguing that the
6    court should defer to the tax department, which had been working towards but
7    had not yet made a determination on the very issue presented in the case. *Id.* at
8    1094-95. The Nevada Supreme Court applied a "good cause" test for dismissal of
9    a private action by an intervening Attorney General, finding that the Attorney
10   General's arguments presented good cause. *Id.* at 1099, 11-6-1107. In doing so,
11   however, the court also held that tax liability matters are not excluded from the
12   scope of the NFCA. *Id.* at 1104-1105; *See also Orbitz Worldwide, LLC v. Eighth*
13   *Jud. Dist. Ct. in & for Cnty. of Clark*, 139 Nev. Adv. Op. 40, 535 P.3d 1173 (2023)
14   (permitting claim under NFCA alleging knowing avoidance of transient lodging
15   taxes).
16       None of that context exists in the present action. The Attorney General
17   declined to intervene in the present action and has not sought dismissal of
18   Relator's claim. The Court is not undertaking a "good cause" analysis for
19   dismissal. Nor is there any evidence in the pleadings that the DETR is working
20   towards a determination of either question before this Court. Thus, it does not
21   appear that the holding in *IGT* forecloses Relator's NFCA claim.
22   **2. Requirement to Obtain Prior Exemption under NRS 612.085**
23       Defendant next asserts that as a matter of law, there is no affirmative duty
24   under NRS 612.085 to seek an independent contractor exemption before
25   engaging independent contractors, meaning that Lyft had no "obligation" under
26   NRS 357.040(1)(g). (ECF No. 22 at 13-15.) Regardless of whether there is an
27   affirmative duty to seek an exemption under NRS 612.085, it appears that Relator
28   states a claim under the NFCA. Relator alleges that Lyft's drivers do not meet the

requirements for an independent contractor exemption under NRS 612.085. (ECF No. 19 at 6-8.) If accepted as true, as the Court must do at this stage, Lyft would have an obligation to pay unemployment taxes. Relator further alleges that Defendant avoided this obligation knowingly. (*Id.* at 8.) Knowingly is broadly defined under NRS 357.040(3)(a)-(c) to include acts done with actual knowledge, deliberate ignorance, or reckless disregard for the truth. Whether or not Lyft drivers are employees under NRS 612.085, giving rise to Lyft's obligation to pay unemployment taxes, and whether Lyft failed to do so knowingly are factual issues that cannot be resolved at the motion to dismiss stage.

### 3. NFCA Public Disclosure Bar

Under NRS 357.100, "a court shall dismiss an action or a claim made pursuant to this chapter that is substantially based on the same allegations or transactions that have been disclosed publicly" in certain circumstances. NRS 357.100. Defendant focuses on disclosure under NRS 357.100(3) by the news media.

Public disclosure under the NFCA requires a "two-tiered inquiry," which requires a court to (1) determine whether the elements of public disclosure have been met, and if so, (2) determine whether the relator is the original source of the information. *United States v. My Left Foot Children's Therapy, LLC*, No. 2:14-CV-01786-MMD-GWF, 2017 WL 1902159, at \*6 (D. Nev. May 9, 2017) (citing *A-1 Ambulance Service, Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000) (discussing public disclosure analysis under the federal False Claims Act, 31 U.S.C §§ 3729-3733)).

To satisfy the first tier of the analysis, a court must establish that the relator's allegations are substantially based on the same allegations or transactions that have been disclosed publicly. NRS 357.100; *My Left Foot Children's Therapy*, 2017 WL 1902159, at \*6.

Defendant argues that information regarding Lyft drivers' independent

contractor status is widely known, and that many news articles have in fact discussed the implications of this classification as to unemployment benefits. (ECF No. 22 at 17-18.) Relator counters that public disclosure of the fact that Lyft treats its drivers as independent contractors is not the same as public disclosure of the allegation that Lyft is unlawfully avoiding its obligation to pay unemployment taxes in violation of Nevada law. (ECF No. 28 at 12-13.)

While many of the news articles[1] that Defendant cites discuss the matter of unemployment benefits for Lyft drivers and rideshare drivers generally, none state that Lyft is an employer under Nevada law, not entitled to an exemption for those who hire independent contractors, must pay unemployment taxes to the state of Nevada, or that Lyft has violated the NFCA.

Because the Court finds that Defendant has not shown public disclosure, the Court need not address the issue of whether Relator is an "original source."

**4. Rule 9(b)**

Finally, Defendant argues that Relator has failed to plead her NFCA claim with the level of specificity required by Fed. R. Civ. P. 9(b). Specifically, Defendant argues that a reverse false claim under the NFCA requires that a defendant make a false statement, which Relator fails to allege. (ECF No. 22 at 20-21.) However, the case law Defendant cites for this proposition interprets either the federal False Claims Act ("FCA") or the NFCA before they were both subsequently amended. (*See id.*)

---

[1] The Court takes judicial notice of the existence of the news articles cited in Defendant's motion to dismiss for the purposes of determining public disclosure. *See U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 977 n. 2 (W.D. Mich. 2003), *aff'd sub nom. Dingle v. Bioport Corp.*, 388 F.3d 209 (6th Cir. 2004) (taking judicial notice of journal article for purposes of public disclosure). Relator does not oppose consideration of these articles and we consider the fact of their existence information "not subject to reasonable dispute." Fed. R. Evid. 201(b). *See In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1185 n.3 (9th Cir. 2024). The Court does not take judicial notice of the truth of any facts stated in these articles.

7

In *Cafasso*, the Ninth Circuit interpreted then section 3729(a)(7) of the FCA, which defined a false claim as when a person "knowingly makes, uses, or causes to be made or used, *a false record or statement* to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7) (2006), *amended by* 31 U.S.C. § 3729(a)(1)(G) (123 Stat. 1621 2009) (emphasis added); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011). The FCA has since been amended. 31 U.S.C. § 3729(a)(1)(G) now makes it unlawful to "knowingly conceal[] or knowingly and improperly avoid[] or decrease[] an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). This new language does not require a false statement. *U.S. ex rel. Petras v. Simparel, Inc.*, No. 13-24150 (FLW), 2015 WL 337472, at *5 (D.N.J. Jan. 26, 2015); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 835 n. 16 (7th Cir. 2011).

In *Bates*, the District of Nevada interpreted the NFCA prior to amendment in 2013. Prior to the 2013 amendments, a reverse false claim occurred when a person "[k]nowingly makes or uses, or causes to be made or used, a *false record or statement* to conceal, avoid or decrease an obligation to pay or transmit money or property to the state or a political subdivision." NRS 357.040(1)(g) (2007) (amended 2013) (emphasis added); *Bates v. Mortg. Elec. Registration Sys.*, No. 3:10-CV-00407-RCJ, 2011 WL 1304486, at *3 (D. Nev. Mar. 30, 2011), *aff'd sub nom. Nevada ex rel. Bates v. Mortg. Elec. Registration Sys., Inc.*, 493 F. App'x 872 (9th Cir. 2012).

The 2013 amendments to the NFCA include nearly identical language to the 2009 amendments to the federal FCA. The NFCA now provides that a reverse false claim arises when a person "[k]nowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State or a political subdivision." NRS 357.040(1)(g). Like the federal FCA, this plain language does not require a false statement to plead a reverse false

claim under NRS 357.040(1)(g).  *See U.S. ex rel. Petras v. Simparel, Inc.*, 2015 WL 337472, at *5. Thus, Relator was not required to plead a false statement for her claim under NRS 357.040(1)(g) in order to meet the requirements of Rule 9(b).

Additionally, Defendant argues that Relator fails to allege the requisite scienter to defraud. However, knowledge may be alleged generally under Fed. R. Civ. P. 9(b). Thus, Relator's allegation that Lyft knowingly avoided its obligation as an employer to pay unemployment taxes to the State of Nevada as required under NRS Chapter 612 properly states a claim under NRS 357.040(1)(g).

### III.     Conclusion

It is ordered that Defendant's motion to dismiss Relator's first amended complaint (ECF No. 22) is DENIED.

It is also ordered that Defendant's motion to dismiss (ECF No. 14) is DENIED as moot.

Dated this 30th day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9