# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT TRAINING AND REHABILITATION, *ex. rel.* Chagolla<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Case No.: 3:23-cv-00442-ART-CLB<br><br>**ORDER GRANTING**<br><br>**JOINT AND UNOPPOSED MOTION TO STAY PROCEEDINGS** |

Defendant Lyft, Inc. ("Defendant" or "Lyft") and Relator Christina Michelle Chagolla ("Relator"), collectively "the Parties", by and through their respective counsel of record, respectfully move the Court to issue a stay of the proceeding until Lyft's Motion for Reconsideration or, in the alternative, to Certify Questions to the Nevada Supreme Court (the "Motion to Certify") [Dkt Nos. 55, 56] is resolved. For the reasons stated in the accompanying Memorandum of Points and Authorities below, with good cause being show, the Court should grant

1

the Parties' Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

This is a one-count *qui tam* action brought by Relator against Lyft under the Nevada False Claims Act (NFCA). *See generally* Am. Compl. The underlying facts of this case are set forth in Relator's Amended Complaint, Lyft's Motion to Dismiss, Relator's response thereto, and in Lyft's Motion to Certify. *See* Dkt Nos. 19, 22, 28, 31, 55, 56. For brevity and judicial economy, the Parties will not repeat the facts except as necessary. *See, e.g., United States v. State*, No. 3:24-cv-00026-MMD-CLB, 2024 U.S. Dist. LEXIS 80408, at *1-2 (D. Nev. May 1, 2024) (order granting joint motion to stay discovery).

On December 13, 2023, Lyft moved to dismiss Relator's Amended Complaint and her NFCA claim, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). *See generally* Dkt. No. 22. In support, Lyft argued, among other reasons, that Relator failed to state an actionable claim for relief under the NFCA's "reverse false claims" provision for reasons of substantive Nevada law. *See id*. at 8-16. Lyft's Motion to Dismiss was dispositive of Relator's NFCA claim. *See id*.; *see also* Dkt No. 55.

On February 27, 2024, Lyft moved the Court to stay discovery in the matter pending the Court's resolution of Lyft's Motion to Dismiss. Dkt No. 32. Relator did not oppose Lyft's request to stay discovery. *See* Dkt No. 33.

On March 12, 2024, the Court granted Lyft's Motion to Stay Discovery. Dkt No. 34. The Court granted Lyft's requested stay "[i]n light of [Relator's] non-opposition to a stay of discovery[.]" *Id*. at 2.

On September 30, 2024, the Court denied Lyft's Motion to Dismiss, lifting the stay previously entered. *See* Dkt. No. 36.

On December 6, 2024, the Court issued an Order instructing the Parties to file a Joint Case Management Report pursuant to Fed. R. Civ. P. 16. Dkt No. 47.

On January 21, 2025, the Parties filed a Stipulation to extend the time for them to file the Joint Case Management Report. Dkt No. 53. Therein, the Parties informed the Court that Lyft had

2

prepared and intended to file a motion to reconsider the Court's September 30, 2024 Order or, in the alternative, to certify the questions of Nevada law presented in Lyft's Motion to Dismiss to the Nevada Supreme Court. *See id*. Following Lyft's filing of the Motion to Certify, the Parties informed the Court that they intended to jointly request a stay of the proceedings, and the Court's Joint Case Management Report requirement, until the Motion to Certify is resolved. *Id*. ¶ 6.

On January 22, 2025, the Court granted the Parties' Stipulation. Dkt No. 54.

On January 28, 2025, Lyft filed the Motion to Certify. Dkt Nos. 55, 56. In the Motion to Certify, Lyft respectfully requested for the Court revisit, or reconsider, its September 30, 2024 Order denying Lyft's Motion to Dismiss because the Court did not address the viability of Relator's NFCA claim in light of Lyft's legal challenges raised to Relator's claim under Nevada law. *See* Dkt No. 55. Lyft argues that the Court erred by failing to decide the dispositive questions of Nevada law raised in its Motion to Dismiss on which the Court should have dismissed Relator's NFCA claim. *See id*. As such, Lyft requested that the Court either dismiss Relator's Amended Complaint with prejudice or certify the questions of Nevada law presented in Lyft's Motion to Dismiss to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure. *See id*.

Relator has not yet responded to Lyft's Motion to Certify, which is presently due on or before March 4, 2025. Dkt No. 58.

The Parties now jointly move the Court to stay the proceedings in this matter.

## II.      ARGUMENT

The Parties respectfully request that the Court issue a stay of the proceeding until Lyft's Motion to Certify is resolved. While the Federal Rules of Civil Procedure do not expressly provide a mechanism to stay actions, it is well-established that federal courts have broad discretionary power under the Rules to control the sequencing of the proceedings before them. *E.g. Gibson v. MGM Resorts Int'l*, No. 2:23-cv-00140-MMD-DJA, 2023 U.S. Dist. LEXIS 118890, at *8 (D. Nev. July 11, 2023). "The guiding premise of the Rules is that the Rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Czerniewski v. Keppel*, No. 2:18-cv-02078-KJD-VCF, 2020 U.S. Dist. LEXIS 167975, at *2 (D. Nev. Sep. 14, 2020) (quoting Fed. R. Civ. P. 1). In addition, "[t]he Supreme Court has long

mandated that trial courts [] resolve civil matters fairly but without undue cost." *Id*. (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962)). In keeping with the Rules' tenets of cost-effective, efficient litigation, courts in this District issue stays of proceedings, including stays of discovery, under circumstances where there is a pending motion that is potentially dispositive of an action before the court. *See id*. at 3 (citing *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011)).

To determine whether a stay is appropriate, courts in this District generally consider (1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the potentially dispositive motion can be decided without additional discovery. *Baham v. Graham*, No. 2:23-cv-00822-ART-BNW, 2023 U.S. Dist. LEXIS 206121, at *2-3 (D. Nev. Nov. 17, 2023). This approach "requires the Court to take a 'preliminary peek' at the merits of the pending dispositive motion." *Id*. at *3. However, this requirement does not appear to be universally applied by all courts in the District.  *State*, 2024 U.S. Dist. LEXIS 80408 at *5-6 (collecting cases); *accord Gibson*, 2023 U.S. Dist. LEXIS 118890 at *9 ("[T]he preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient.") (citation omitted). Courts in this District that eschew performing a "preliminary peek" of the pending dispositive motion employ a somewhat similar analysis to guide whether a stay of the proceedings should be issued. *See Gibson*, 2023 U.S. Dist. LEXIS 118890 at *9. Under this alternative approach, the Court considers "(1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery." *Id.* Good cause may be established through a showing that a continuation of the proceeding during the motion's pendency would cause an "undue burden or expense." *Id*. at *9-10. Lyft's Motion to Certify meets either standard for a stay to issue until the motion is resolved.

First, Lyft's Motion to Certify requests that the Court revisit the fundamental issues of Nevada law raised in Lyft's Motion to Dismiss Relator's Amended Complaint that the Court did not decide in its September 30, 2024 Order. *See* Dkt No. 55 at 7-16. These issues of Nevada law presented are determinative of whether Relator may pursue an NFCA "reverse false claim" against Lyft under the theory of liability alleged. *Id*. Should the Court decline to revisit or reconsider its September 30, 2024 Order, Lyft alternatively asked for the Court to certify those questions of law

4

to the Nevada Supreme Court. Dkt No. 56 at 16-19. In the event that the Court decides to certify to the Nevada Supreme Court the issues of Nevada law presented in Lyft's Motion to Certify, the Nevada Supreme Court's resolution of these issues in Lyft's favor will dispose of Relator's NFCA claim in its entirety. *Id*.

Second, no discovery is needed to resolve Lyft's Motion to Certify because the motion, and the matters raised therein, involves pure questions of law. *See* Dkt Nos. 55, 56. Where a motion raises questions of law, additional discovery is not required. *See Blocher v. MindGeek USA Inc.*, No. 3:23-CV-00209-MMD-CLB, 2023 U.S. Dist. LEXIS 137563, at *6 (D. Nev. Aug. 4, 2023) (citing *Segal v. Lefebvre*, 2013 U.S. Dist. LEXIS 194877, 2013 WL 12130553, *2 (D. Nev. Nov. 14, 2013)). Moreover, there are no additional facts that could be borne from discovery that could impact the resolution of Lyft's Motion to Certify. Accordingly, no discovery is required to rule on Lyft's Motion to Certify. *Id*.

Third, good cause exists to stay the proceeding. Given the nature of the relief requested in Lyft's Motion to Certify (i.e., reconsideration or certification), performing a "preliminary peek" of the motion's merits would be inefficient to determine whether a stay is appropriate under the circumstances. Should a stay not be entered, the Parties would be caused to incur a potentially significant and undue expense to conduct discovery during the pendency of Lyft's Motion to Certify. The incursion of such potentially significant and undue expenses would be contrary to the mandate of the Rules to accomplish the inexpensive determination of this case. *See* Fed. R. Civ. P. 1; *Shoe*, 370 U.S. at 306. "It needs no citation of authority to recognize that discovery is expensive." *Czerniewski*, 2020 U.S. Dist. LEXIS 167975 at *2. With the NFCA having a five-year look-back period, Lyft would be required to gather, review, and produce to Relator voluminous records for thousands of drivers who used its platform in Nevada during the statutory time-period. Relator would be caused to expend the time and resources to review and analyze this information. None of which would be required of either Party if the Court, or the Nevada Supreme Court upon certification, determines the issues of Nevada law presented in Lyft's Motion to Certify in Lyft's favor, dismissing this case in its entirety.

Moreover, courts in this District, and the Court in this case previously [Dkt No. 34], have

5

granted stays in proceedings where issuance of the stay was requested by all parties to the litigation. *E.g. State*, 2024 U.S. Dist. LEXIS 80408 at *9; *Czerniewski*, 2020 U.S. Dist. LEXIS 167975 at *4.

Here, the Parties respectfully submit that the circumstances call for a stay of the proceedings until Lyft's Motion to Certify can be fully resolved, and ask that the Court stay the proceedings during the pendency of Lyft's motion.

### III.   CONCLUSION

Staying this action while Lyft's Motion to Certify is pending will best accomplish Fed. R. Civ. P. 1's objectives to secure the just, speedy, and inexpensive determination of this case. Accordingly, the Parties respectfully request the Court grant their motion to stay the proceedings. Should the matters presented in Lyft's Motion to Certify ultimately be resolved in favor of Relator, the Parties request 30 days from the date of the motion's resolution to hold a Rule 26(f) conference and 14 days thereafter to file a Joint Case Management Report, which is the standard timeframe provided under Local Rule 26-1.

DATED this 5th day of February, 2025.

| THIERMAN BUCK LLP | JACKSON LEWIS P.C. |
|---|---|
| */s/ Leah L. Jones* | */s/ Joshua A. Sliker* |
| Joshua D. Buck | Kirsten A. Milton |
| Nevada Bar No. 12187 | Nevada Bar No. 14401 |
| Mark R. Thierman | Joshua A. Sliker |
| Nevada Bar No. 8285 | Nevada Bar No. 12493 |
| Joshua Hendrickson | 300 S. Fourth Street, Suite 900 |
| Nevada Bar No. 12225 | Las Vegas, Nevada 89101 |
| Leah L. Jones | |
| Nevada Bar No. 13161 | *Attorneys for Defendant Lyft, Inc.* |
| 7287 Lakeside Drive | |
| Reno, Nevada 89511 | |

*Attorneys for Relator Chagolla*

**ORDER**

**IT IS SO ORDERED:**

Dated: February 7, 2025

_____
Anne R. Traum
United States District Judge

7