1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
**THIERMAN BUCK LLP**
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiff*

Chelsea Latino, Nev. Bar No. 14227
Thaddeus C. Houston, Nev. Bar No. 17215
**McDONALD CARANO LLP**
100 West Liberty Street, 10th Floor
Reno, Nevada 89501
Tel: (775) 788-2000
clatino@mcdonaldcarano.com
thouston@mcdonaldcarano.com

David Rhinesmith (*pro hac vice* forthcoming)
C. Anne Malik (*pro hac vice* forthcoming)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 339-8400
drhinesmith@orrick.com
amalik@orrick.com

*Attorneys for Defendant Lyft, Inc.*

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT TRAINING and REHABILITATION, *ex rel.* CHAGOLLA, <br><br> Plaintiff, <br><br> vs. <br><br> LYFT, INC., <br><br> Defendant. | Case No.: 3:23-cv-00442-ART-CLB <br><br> **ORDER ADOPTING PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> [ECF No. 75] |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 16 and Local Rule ("LR") 26-1, Relator CHRISTINA MICHELLE CHAGOLLA ("Relator"), and Defendant, LYFT, INC. ("Lyft" or "Defendant") (collectively, the "Parties") by and through their respective counsel of record, hereby submit the Joint Case Management Report and proposed Discovery Plan and Scheduling Order.

- 1 -

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## I.    MEET AND CONFER

Pursuant to FRCP 26(f), and LR 26-1, the Parties met and conferred on December 8, 2025. Leah L. Jones and Joshua D. Buck were present on behalf of Relator, and Chelsea Latino David Rhinesmith, and Anne Malik were present on behalf of Defendant.

## II.    SUBJECTS UPON WHICH DISCOVERY MAY BE NEEDED

The Operative Complaint (ECF No. 19) and Answer (ECF No. 45) raise a variety of factual and legal questions, including related to the underlying Nevada regulatory and taxation frameworks and related guidance.  The parties agree that discovery may be needed on all such matters and agree to take all reasonable steps to prevent protracted discovery disputes regarding discovery. The Parties affirm their commitment to meet and confer prior to involving the Court in any discovery disputes reflecting the requirements in the Local Rules and the informal discovery dispute procedure outlined in United States Magistrate Judge Carla Baldwin's Standing Order. (ECF No. 46.)

## III.    LIMITATIONS ON DISCOVERY

The Parties do not request any changes to the limitations imposed by the discovery rules under the FRCP.  The Parties further reserve the right to seek changes to the discovery rules if the need arises.

## IV.    CONTENTS OF JOINT CASE MANAGEMENT REPORT

1.    Statement of the nature of case.

i.    Procedural Status

This qui tam action arises under the Nevada False Claims Act ("NFCA"), NRS 357.010 *et seq.*, brought by Relator Chagolla on behalf of the State of Nevada against Defendant Lyft, Inc. Relator alleges that Lyft concealed and knowingly avoided its obligation to pay unemployment taxes to the State of Nevada and/or the Nevada Department of Employment, Training and Rehabilitation ("DETR").

On February 8, 2023, Relator filed her complaint for violations of the Nevada False Claims Act, NRS 357 *et seq.*, in the Second Judicial District Court in and for the County of Washoe, under seal pursuant to NRS 357.080(4). The State of Nevada and the Nevada Attorney

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

General declined to intervene on June 9, 2023, the case was unsealed on July 9, 2023, and Lyft was served with the Summons and Complaint on August 3, 2023. Lyft removed the case to this Court on September 5, 2023. (ECF No. 1.)

On October 19, 2023, Lyft filed its first Motion to Dismiss Relator's Qui Tam Complaint. (ECF No. 14.) On November 16, 2023, Relator filed her First Amended Complaint. (ECF No. 19.) On December 14, 2023, Lyft moved to dismiss Relator's First Amended Complaint. (ECF No. 22.) Relator filed her Opposition to Defendant's Motion to Dismiss on January 29, 2024 (ECF No. 28) and Lyft's Reply in support was filed on February 12, 2024 (ECF No. 31). On February 27, 2024, Defendant moved to stay discovery pending the resolution of its motion to dismiss, which was granted on March 12, 2024. (ECF Nos. 32 & 34.) Defendant's motion to dismiss was denied by this Court on September 30, 2024 (ECF No. 36) and Defendant filed its answer to Relator's amended complaint on December 6, 2024 (ECF No. 45).

On January 28, 2025, Lyft filed a motion to reconsider the Court's September 30, 2024, Order or in the alternative to certify the question to the Nevada Supreme Court. (ECF Nos. 55 & 56.) On July 2, 2025, the Court granted in part Lyft's motion for reconsideration and certified the question to the Nevada Supreme Court. (ECF No. 66.) The Nevada Supreme Court declined the certified question on October 28, 2025. (ECF No. 68 (filed November 3, 2025).)

The Court ordered the parties to hold a FRCP 26(f) conference by December 7, 2025 and file a Joint Case Management Report by December 21, 2025. (ECF No. 69.) But the Court subsequently granted the parties' stipulation to file the Joint Case Management Report by January 20, 2025. (ECF Nos. 72 & 74.) This Joint Case Management Report is timely filed.

ii.   <u>Lyft's Statement of the Issues Bearing on Scheduling</u>

In the filings to date, Defendant set forth certain of its defenses and responses to Relator's allegations. Lyft views these defenses as partially shaping the extensive discovery that Relator's claims require and  highlights two key issues here. First, it is Lyft's position that Relator's theory of a NFCA claim depends on Relator affirmatively proving Lyft "employs" drivers within the meaning of State law. However, Lyft does not "employ" Relator nor any other Nevada driver. Lyft operates a mobile-based ridesharing marketplace platform that connects drivers and riders

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

in Nevada. Lyft never provides transportation itself. Lyft's Terms specify that drivers who use its app are independent contractors and not employees.  Relator is aware of these terms as she herself agreed to them. Second, Relator attempts to sidestep this factual hurdle by reframing state tax law, including by asserting a requirement (not contained anywhere in the law itself) that Lyft seek and obtain a waiver or exemption from DETR before engaging an independent contractor. Relator argues Lyft's failure to do so demonstrates knowing and willful conduct, making this assertion to meet the essential scienter element of her NCFA claim, for which she must show that Lyft's actions or representations both violated an actual requirement of Nevada law and that such actions were performed improperly, "knowingly and intentionally." This scienter requirement is not met if a defendant may have reasonably interpreted a legal matter about which there may be a question. The state tax and regulatory issues, processes, related guidance, and reasonable interpretations thereof are all therefore at issue under Relator's theory.  Defendant disagrees with Relator's characterizations and statement of the issues, facts, and law, below.

iii.  <u>Relator's Statement of Issues Bearing on Scheduling</u>

Relator disagrees with the above statement of the issues, facts, and law presented by Lyft above.  As stated below, Relator does not agree with Lyft's contention that this case deserves special discovery review or an extended litigation timeline.  Relator believes that the remaining issue in this case (following this Court's denial of Lyft's motion to dismiss and the Nevada Supreme Court's decision) presents a straightforward question of whether Relator and all other Lyft drivers are independent contractors under NRS 612.085.   Accordingly, Relator does not agree that this case should deviate from the standard 180 discovery time period and therefore believes that the proposed deadlines set forth herein should be altered to reflect the 180 day discovery period, should this Honorable Court agree with Relator's position.

2.  <u>Jurisdictional basis of the case.</u>

Defendant removed this case from the Second Judicial District Court in and for the County of Washoe on September 5, 2023, based on diversity jurisdiction. Relator Chagolla, who brings this action on behalf of the State of Nevada pursuant to the Nevada False Claims Act, NRS 357.010 *et seq.*, is a citizen of the State of Nevada. Lyft is a corporation formed under the laws

- 4 -
JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

of the State of Delaware, with its principal place of business located in San Francisco, California. (ECF No. 9 at 2.) "The alleged civil penalties in the Complaint alone exceed the amount in controversy required for diversity jurisdiction and removal." (*Id.*) Thus, the Court has diversity jurisdiction over this case.

3.    <u>Additional parties and/or amendment of the pleadings.</u>

None at this time. The Parties reserve the right to add parties and amend the pleadings pursuant to the FRCP and the deadlines approved by the Court. A proposed amendment deadline is included below.

4.    <u>Motions pending before the Court.</u>

There are no motions pending before the Court.

5.    <u>Related cases.</u>

There are no known related cases.

6.    <u>Subjects upon which discovery might be needed</u>

The Parties agree that discovery may be needed on all matters set forth in the operative Complaint and any defenses raised by Defendants thereto. The foregoing statement of subjects of discovery in no way constitutes a waiver of any Party's right to assert good faith objections to discovery requests or deposition inquiries as appropriate.

7.    <u>Discovery to date.</u>

a.    <u>*Rule 26(f) disclosures*</u>

Initial disclosures pursuant to FRCP 26(a)(1)(A) will be exchanged within fourteen (14) days of the date of entry of this Discovery Plan by the Court, or Tuesday, February 3, 2026, whichever is later.

b.    <u>*Discovery Served*</u>

Discovery has not yet been served by either party.

c.    <u>*Protective Order and ESI Protocol*</u>

A confidentiality stipulation is necessary to protect Lyft's confidential and/or proprietary information. The Parties will work to reach an agreed Stipulated Protective Order to address the protection of confidential, proprietary, and private information.

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

The parties further anticipate entering into an ESI Protocol to govern the retention and production of electronic data.

                 *d.*    <u>Issues related to timing, sequencing, phasing, or scheduling of discovery</u>

Lyft contends that this case is complex and will involve significant amounts of ESI. For that reason, Lyft requests special scheduling review under LR 26-1 and proposes a discovery period of 330 days instead of the standard 180 days (i.e., an additional 150 days). Good cause exists for this longer discovery period due to: the complexity of the claims and defenses, as Relator's theory requires substantial discovery on each of the following: analysis and application of state law, DETR guidance, and the proper processes thereunder and applications thereof; Nevada tax issues, including certain statutory and regulatory frameworks and treatment of independent contractors; the scope of ESI, including data for thousands (if not tens of thousands) of independent contractor drivers over a multi-year period as pulled from structured applications that may require custom SQL queries, detailed ad hoc reporting, and tailored exports, as well as the time needed to collect, test, and validate those datasets; the fact-intensive scienter issues that Relator must prove to make out her NFCA theory, including notice under existing guidance and other elements of intent that may require various levels of custodian discovery. These issues will likely require third-party discovery, including from the State of Nevada, and may require depositions of an unknown number of third-party witnesses. These questions are highly fact-specific and may require detailed analysis of applicable laws—and discovery on both points. Discovery may also include complicated data sets from multiple data systems, which could involve extensive and time-intensive review and analysis. Note that this is not a comprehensive list of all matters to be addressed in discovery, only examples of certain key aspects of Relator's theory that will require detailed discovery. A discovery timeline of 330 days is therefore appropriate in this case.

Relator does not agree with Lyft's contention that this case deserves special discovery review or an extended litigation timeline. Relator believes that the remaining issue in this case (following this Court's denial of Lyft's motion to dismiss and the Nevada Supreme Court's decision) presents a straightforward question of whether Relator and all other Lyft drivers are independent contractors under NRS 612.085. Accordingly, Relator does not agree that this case

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

should deviate from the standard 180 discovery time period and therefore believes that the proposed deadlines set forth herein should be altered to reflect the 180 day discovery period, should this Honorable Court agree with Relator's position.

      e.  <u>Discovery outside of Nevada or the United States</u>

    Since Lyft is headquartered in San Francisco, California, discovery may be necessary in California.

    8.  <u>Expected ESI</u>

    The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will make efforts to preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with the obligation under the FRCP.

    The Parties anticipate that this action may involve ESI, potentially including various pay data, timekeeping records, and other application data. Sources may include structured applications and relational databases, which may require targeted SQL queries or tailored ad hoc reporting to extract responsive fields. The Parties will meet and confer regarding systems, scope, format (including any native exports and metadata), and proportionality to ensure usability and avoid undue burden. For this reason, and as mentioned above, the parties will negotiate and submit for the Court's consideration a stipulated ESI Protocol.

    9.  <u>Privileged Materials</u>

    The Parties will meet and confer regarding a joint stipulation for a Federal Rule of Evidence 502(d) order governing the disclosure of privileged and work-product information.

    10.  <u>Jury Trial Request</u>

    Relator made a demand for jury trial in her operative complaint. (ECF No. 19.) That request is not contested. The Parties are unable to estimate a length for trial at this time.

    11.  <u>Use of Electronic Evidence in Jury Trial</u>

    In compliance with LR 26-1(b)(9) the Parties anticipate that they will be presenting evidence in an electronic format to jurors for the purposes of jury deliberations, in the event this

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

case is not resolved prior to trial. The Parties stipulate and agree that any electronic evidence may be reduced to searchable .pdf documents or other reasonably usable formats, to the extent practicable, in compliance with the Court's requirements for the electronic jury display evidence system.

### 12.    Consent to Magistrate Judge's Jurisdiction and Short Trial Program

In compliance with LR 26-1(b)(8) the Parties certify that they have considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by the assigned Magistrate Judge at this time, nor do they believe a Short Trial would be appropriate.

### 13.    Alternative Dispute Resolution

The parties certify under LR 26-1(b)(7) that they met and conferred about the possibility of using alternative dispute resolution processes including mediation (*see* ECF No. 72) but have determined those processes are not suitable for the resolution of this case at this time.

### 14.    Settlement

The parties anticipate jointly requesting a settlement conference when the Court rules on dispositive motions.

### 15.    Bifurcated/Phased Trial

The Parties do not have any pending requests regarding bifurcation or phasing of trial or have any other suggestions for shortening or expediting discovery, pre-trial motions or trial at this time but reserve all rights provided under FRCP 42(b) or other applicable law.

The Parties reserve the right to propose a trial bifurcated between liability and damages, should the evidence and other circumstances show that bifurcation would be more efficient than trying liability and damages at the same time.

## V.    PROPOSED DISCOVERY PLAN

### 1.    Initial Disclosures

As mentioned, initial disclosures pursuant to FRCP 26(a)(1)(A) will be exchanged within fourteen (14) days of the date of entry of this Discovery Plan by the Court, or Tuesday, February 3, 2026, whichever is later.

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER

1

2.    Discovery Cut-Off Date

2

The discovery cut-off for this case is Wednesday, December 16, 2026, 330 days from the

3

date on which this discovery plan and proposed scheduling order is filed with the Court, or 330

4

days from the day the Court approves and files this Discovery Plan, whichever is later. Any

5

discovery shall be served sufficiently in advance so that responses are due prior to that date.

6

3.    Dispositive Motions

7

The Parties propose that the deadline for filing dispositive motions will be no later than

8

forty-five (45) days from the discovery cut-off pursuant to LR 26-1(b)(4) or Monday, February

9

1, 2027, whichever is later. While this is longer than the standard 30 days, it accounts for the

10

winter holidays and the likely necessity of preparing expert affidavits in support of the motions.

11

4.    Amendment of Pleadings and Addition of Parties

12

The Parties propose that the date for filing motions to amend pleadings or to add parties

13

will not be later than ninety (90) days prior to the discovery cut-off date pursuant to LR 26-1(b)(2),

14

or Thursday, September 17, 2026, whichever is sooner, unless otherwise permitted by a further

15

order of the Court.

16

5.    Disclosure of Expert Witnesses

17

The Parties propose that in accordance with FRCP 26(a)(2) and LR 26-1(b)(3) disclosures

18

identifying expert witnesses shall be made fifty-nine (59)[1] days prior to the discovery cut-off date,

19

or Monday, October 19, 2026, whichever is later, and disclosures identifying rebuttal experts shall

20

be made thirty (30) days after the disclosure of those experts, or Monday, Wednesday, November

21

18, 2026, whichever is later.

22

6.    Pre-Trial Order

23

The joint pretrial order must be filed no later than thirty-one (31) days after the deadline

24

for filing dispositive motions or Monday, February 14, 2027, whichever is later.[2] In the event

25

26

[1] Sixty (60) days prior to Wednesday, December 16, 2026, falls on Saturday, October 17, 2026, thus the parties have moved the expert witness disclosure deadline to the next court date.

27

28

[2] Thirty (30) days after Friday, January 15, 2027, falls on Sunday, February 13, 2027, thus the parties have moved the pre-trial order deadline to the next court date.

- 9 -

JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND
SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1   dispositive motions are filed, the date for filing the joint pretrial order will be suspended until
2   thirty (30) days after the Court issues a decision on the dispositive motions or further order of the
3   Court pursuant to LR 26-1(b)(5).

4       7.      FRCP 26(a)(3) Disclosures

5       The Parties agree to include their disclosures required by FRCP 26(a)(3) and LR 26-
6   1(b)(6) and any objections thereto in the joint pretrial order.

7       8.      Extension of Scheduled Deadlines

8       The Parties agree to comply with LR 26-3, which states: A motion or stipulation to extend
9   any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying
10  the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A
11  motion or stipulation to extend a deadline set forth in a discovery plan must be received by the
12  court no later than 21 days before the expiration of the subject deadline. A request made within
13  21 days of the subject deadline must be supported by a showing of good cause. A request made
14  after the expiration of the subject deadline will not be granted unless the movant also demonstrates
15  that the failure to act was the result of excusable neglect. A motion or stipulation to extend a
16  discovery deadline or to reopen discovery must include:

17      (a) A statement specifying the discovery completed;

18      (b) A specific description of the discovery that remains to be completed;

19      (c) The reasons why the deadline was not satisfied or the remaining discovery was not
20  completed within the time limits set by the discovery plan; and

21      (d) A proposed schedule for completing all remaining discovery.

22      9.      Final Pre-Trial Conference

23      The Final Pre-Trial Conference will be held two (2) weeks prior to the scheduled Trial
24  Date.

25      10.     Trial Date

26      The Parties believe setting a proposed trial date and length would be premature at this
27  time.

28

- 10 -
JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND
SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

DATED: January 20, 2026

Respectfully submitted,                Respectfully submitted,

*/s/ Leah L. Jones*                     */s/ Chelsea Latino*

Mark R. Thierman, Nev. Bar No. 8285     David Rhinesmith (*pro hac vice*
Joshua D. Buck, Nev. Bar No. 12187      forthcoming)
Leah L. Jones, Nev. Bar No. 13161       C. Anne Malik (*pro hac vice* forthcoming)
**THIERMAN BUCK LLP**                   **ORRICK, HERRINGTON & SUTCLIFFE
                                        LLP**
*Attorneys for Plaintiff*               Chelsea Latino, Nev. Bar No. 14227
                                        Thaddeus C. Houston, Nev. Bar No. 17215
                                        **McDONALD CARANO LLP**

                                        *Attorneys for Defendant, Lyft, Inc.*

## ORDER

The Court has reviewed the parties' joint case management report and adopts the proposed
discovery plan and scheduling order as outlined above pursuant to Local Rule 16-1.

**IT IS SO ORDERED.**

**DATED:** January 21, 2026

_____
UNITED STATES MAGISTRATE JUDGE

- 11 -
JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND
SCHEDULING ORDER

THIERMAN BUCK LLP
325 W. Liberty St.
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com