Mark R. Thierman, (NSBN 8285)
Joshua D. Buck (NSBN 12187)
Leah L. Jones (NSBN 13161)
**THERMAN BUCK LLP**
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiff/Relator*

Chelsea Latino (NSBN 14227)
**McDONALD CARANO LLP**
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
Tel. (775) 788-2000
clatino@mcdonaldcarano.com

David Rhinesmith (admitted *pro hac vice*)
C. Anne Malik (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Tel. (202) 339-8400
drhinesmith@orrick.com
amalik@orrick.com

Anjali Prasad Vadillo (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel. (650) 614-7400
avadillo@orrick.com

*Attorneys for Defendant Lyft, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THE STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT TRAINING and REHABILITATION, *ex rel.* CHAGOLLA,

Plaintiff,

v.

LYFT, INC.,

Defendant.

Case No.: 3:23-cv-00442-ART-CLB

**ORDER GRANTING STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Defendant Lyft, Inc. ("Lyft" or "Defendant") and Relator CHRISTINA MICHELLE CHAGOLLA ("Relator" and together with Defendant, the "Parties" and each a "Party"), by and through their undersigned counsel of record, stipulate and agree as follows:

1. Scope and Applicability. Certain documents or electronically stored information relevant to this litigation may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party or other non-parties to this action. Such information is referred to herein as "Protected Material." The Parties may, however, produce certain Protected Material subject to the terms of this agreement. This Stipulated Confidentiality Agreement and Protective Order ("Protective Order") is applicable to the Parties, any additional parties joined in this litigation, and any third parties subject to this Protective Order and/or otherwise agreeing to be bound by this Protective Order.

2. Designation of Information. Any document or electronically stored information produced in discovery may be designated as Protected Material by marking it as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production. Such designation shall be made at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed. Any such designation that is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record.

a. A Party may only designate as "CONFIDENTIAL" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) proprietary or business sensitive information; (b) confidential information about Lyft employees; (c) any information that could be used to identify or other confidential details concerning drivers who use the Lyft platform (i.e., other than Relator); or (d) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law.

b. A party may only designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material or items that are extremely sensitive and for

which disclosure to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to certain confidential information and all identifying information about passengers who use the Lyft platform.

i. Default Designations. Recognizing that individually reviewing and designating exports from structured databases can add considerably to the cost of review and production, each Party and Non-Party that designates information or items exported from a structured database for protection under this Order may designate documents by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

c. In designating Information as "Confidential" or "Highly Confidential," a Producing Party will make such designations only as to materials that contain "Confidential" Information. Designations of "Confidential" or "Highly Confidential," shall be made in good faith and only as to information that the producing party reasonably believes warrants protection under Federal Rule of Civil Procedure 26(c). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (addressing the "compelling reasons" and "good cause" standards and their applicability); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Mass or blanket designations are prohibited. The Parties recognize that certain types of documents may, by their nature, involve personally identifying or other confidential information, and therefore systematic treatment of such documents as confidential may be appropriate; the designating Party will identify this when producing.

d. Personally Identifying Information. Certain Protected Material may be Personally Identifying Information ("PII") which includes (but is not strictly limited to) social security numbers, personal addresses, financial account

numbers, passwords, and information that may be used for identity theft. Any PII disclosed under this Protective Order must either be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under paragraphs (a) and (b) above, or redacted at the option of the disclosing party.

3. Designation of Depositions. The Parties may designate information disclosed at a deposition as Protected Material by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Protective Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 30 days of receipt of the deposition transcript by so stating in writing to opposing counsel. Prior to the expiration of such period, the entirety of the testimony and the transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and thereafter shall be treated, subject to the other provisions of this Stipulated Protective Order, in accordance with the Designating Party's designations. If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and access thereto shall be limited as provided herein. Protected Material shall not lose its confidentiality designation because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition and marked as deposition exhibits; the Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Protective Order to be present during the disclosure or use of designated documents or information during a deposition are those permitted pursuant to the terms of this Protective Order to review the information or material sought to be used. Absent an agreement between the Parties, if all persons present at the deposition are not permitted

under this Protective Order to review the information or material sought to be used, any person not so permitted shall be instructed by the designating party to leave the room (physical or virtual) during the period(s) in which the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed, to the extent reasonably possible. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. In advance of a hearing, trial, or any other proceeding in this matter, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both parties seek to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information at the proceeding. Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, in any proceeding in this litigation, subject to the court's determination of the admissibility of the documents or information.

5. <u>Non-Waiver of Privilege</u>. The production (whether inadvertent or not) of any document or information, tangible thing, or other material covered by the work product doctrine and/or the attorney-client, joint interest and/or common interest privilege, or other applicable evidentiary privilege that would entitle a Party to withhold documents or information, tangible things, or other material from production (any such information, "Privileged Information") shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, joint interest privilege, common interest privilege, and/or any other applicable privilege) concerning any such documents or information, tangible things, or other material or the subject matter thereof. Consistent with Federal Rule of Evidence 502(d), this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d); the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Privileged Information under this Order.

a. Upon notice from the Producing Party that Privileged Information was produced, such Privileged Information and any copies or summaries of the same must be returned to the Producing Party as soon as practicable after receipt of such notice or otherwise destroyed within ten (10) business days of receipt of such notice. If the Receiving Party opts to destroy such materials, they must be destroyed in a secure manner that ensures confidentiality and renders the information no longer recognizable. In the case of ESI, all electronic copies and the original production media shall be destroyed. Return of such Privileged Information in no way prejudices or impairs the returning Party's rights to challenge the privilege contention of the Producing Party before the Court or an appellate court. However, the receiving party may not use or disclose the inadvertently produced material for any purpose, including for any challenge of the privilege contention.

b. Within fifteen (15) business days of the notification that such Privileged Information has been returned or deleted, the Producing Party shall produce a privilege log (or supplement an existing privilege log) with respect to the Privileged Information.

c. In the event the Receiving Party challenges the Producing Party's privilege designation, the challenging and designating Party shall attempt to resolve any challenges in good faith before the parties bring the dispute to the attention of the Court. The allegedly privileged material in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary.

d. If the Receiving Party becomes aware of Privileged Information contained in the Producing Party's document production which the Receiving Party believes to have been inadvertently produced, the Receiving Party shall immediately cease review of the Privileged Information and notify the Producing Party within ten (10) business days of discovery.

6. Use of Artificial Intelligence. The Parties agree that the receiving party shall not use any documents, electronically stored information, or other materials produced or exchanged in the course of this litigation, including but not limited to those designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under any operative protective order, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

a. No Use of Protected Material in Public / Open Source AI Models. A Receiving Party shall not use any documents, electronically stored information, or other materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in whole or in part, for prompts (inputs), completions (outputs), or embeddings in any open source or otherwise free/unpaid artificial intelligence chat bot, foundation model or system such as ChatGPT. The Parties shall take reasonable steps to ensure that their employees, attorneys, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

7. Burden of Proof and Challenges to Protected Material. The party designating information as Protected Material bears the burden of establishing confidentiality. Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." If a Party contends that any document has been erroneously or improperly designated or not designated as Protected Material, the document at issue shall be treated as Protected Material under this Protective Order until (a) the Parties reach a written agreement or (b) the court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as Protected Material, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within seven (7) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, after the expiration of seven (7) days following the service of an objection, the Parties shall meet and confer in accordance with LR IA 1-3(f) in a further effort to try to resolve the dispute prior to seeking Court intervention. If the dispute still cannot be resolved following the Parties' meet and confer, the designating Party may seek Court intervention via the informal discovery dispute procedures set forth in the Court's Civil Standing Order, ECF No. 46 § VI(B). The Party wishing to produce the alleged "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will file the documents under seal, however, the Producing Party must file a motion with the Court to keep it under seal. The protection afforded by this Protective Order shall continue until the Court resolves any such dispute over the designation documents under this Protective Order.

8. Restrictions on Disclosure. All Protected Material produced or disclosed by either Party in this litigation shall be subject to the following:

a. such documents, information, and things shall be used only in this litigation and not for any other purpose whatsoever;

b. such documents, information, and things shall not be shown or communicated in any way inconsistent with this Protective Order or to anyone other than "Qualified Persons," defined below, which persons receiving Protected Material shall not make further disclosure to anyone except as allowed by this Protective Order; and

c. no one except Qualified Persons identified in paragraph 10 shall be provided copies of any Protected Material.

9. Restrictions on Contact. Relator may not contact any current or former employee of Lyft, whose Protected Material is disclosed pursuant to Paragraph 2(a)(b). However, Relator may contact these witnesses through counsel of record or issue a valid subpoena for appearance for deposition, hearing or trial.

10. Qualified Persons. "Qualified Persons" and the materials that they may be shown or provided are defined as follows:

a. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i. the court, court officials and authorized court personnel, jurors, stenographic reporters, and videographers at depositions taken in this action;

ii. counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel), in-house counsel and contract attorneys retained by counsel for the Parties to provide services in connection with this litigation;

iii. if the Designating Party is an entity, current or former officers or employees of the Designating Party;

iv. third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses;

v. witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena;

vi. a mediator or other settlement judge selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

vii. clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this litigation; or

viii. any other person by order of the Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties.

b. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

i. the court, court officials and authorized court personnel, jurors, stenographic reporters, and videographers at depositions taken in this action;

ii. counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel);

iii. third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses;

1. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 10(b)(iii) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time

during the preceding five years, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) discloses whether at any time the Protected Information will be stored, transferred, or accessed outside the United States.

2. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

3. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to expert may seek Court intervention via the informal discovery dispute procedures set forth in the Court's Civil Standing Order, ECF No. 46 § VI(B), setting forth in detail the reasons why the disclosure to the expert is reasonably necessary, assessing the risk of harm that the disclosure would entail, and suggesting any additional means that could be used to reduce that risk, along with a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons

advanced by the Designating Party for its refusal to approve the disclosure.

4. In any such proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its specified expert.

iv. with respect to a specific document, the document's author, addressee, or intended or authorized recipient of the Protected Material and who agrees to keep the information confidential, provided that such persons may see and use the Protected Material but not retain a copy;

v. witnesses who authored the document and are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena;

vi. a mediator or other settlement judge selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

vii. clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this litigation; or

viii. any other person by order of the court after notice to all Parties and opportunity to be heard, or as agreed between the Parties.

11. Acknowledgment. Any Qualified Person identified in paragraph 10(a)–(b) to whom the opposing Party's Protected Material is shown or to whom information contained in such materials is to be revealed shall first be required to execute the attached Acknowledgement and Agreement To Be Bound To Stipulated Confidentiality Agreement And Protective Order (the "Acknowledgement"), the form of which is attached hereto as "Exhibit A" and to be bound by the terms of this Protective Order. As to each person to whom any Protected Material is disclosed pursuant to the Acknowledgement and this Protective Order, such information may be used only for purposes of this litigation and may not be used for any other purpose.

12. Conclusion of the Litigation. Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Protected Material or information claimed to be confidential shall assemble and return to the producing Party all materials that reveal information designated as Protected Material, except all such materials constituting work product of counsel. In the alternative, all such materials may be destroyed, with written certification of destruction or deletion provided to the producing Party upon request, except that a Party may retain Protected Material generated by it, unless such Protected Material incorporates the Protected Material of another Party in which case all such Protected Material shall be destroyed or deleted. No originals or copies of any such Protected Material will be retained by any person or entity to whom disclosure was made. However, counsel of record and designated in-house counsel for the Parties are permitted to retain a copy of all pleadings, motions, depositions and hearing transcripts (and exhibits thereto), exhibits, and attorney work product that contain Protected Material consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm. In doing so, the retaining Party agrees to execute an agreement that all such documents will be quarantined for record retention only and not for use in other matters involving the Parties or with any other client or shared outside of the organization. While the Court will not retain jurisdiction over this Protective Order upon the conclusion of this Litigation, the confidentiality obligations imposed by and the treatment accorded under this Protective Order shall survive the termination of this Litigation.

13. Data Breach: In the event that the party receiving Protected Material experiences a data breach, they shall immediately notify the producing Party of the same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect Protected Material from unauthorized disclosure.

14. Equal Application. This Protective Order may be applied equally to information obtained by a producer in response to any subpoena, including, in particular, information produced

by non-parties. Any non-party that designates any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order may agree to submit to the Court's jurisdiction with regard to the determination of disputes involving such designations.

15. Retroactive Designation. Protected Material previously produced before the entry of this Order, if any, may be retroactively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Protective Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

16. Inadvertent Production or Disclosure of Protected Material. In the event that a Party inadvertently produces Protected Material, without the required "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Protected Material under this Protective Order, subject to the provisions in paragraph 5 regarding any challenges.

17. Use of Protected Material at Hearing or Trial. Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. However, if a Party anticipates using or disclosing Protected Material at a trial or during a hearing (except for purposes of impeachment), it shall give the designating Party at least seven (7) business days' notice prior to its use or disclosure. A Party's attachment of or reference to "Protected Material"

in briefing related to the hearing, or on a trial exhibit list, constitutes the notice contemplated herein. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Protected Material from disclosure to persons other than those identified in paragraph 8 and who have signed Exhibit A, where necessary, under this Order.

If a Party seeks to file unredacted Protected Material, the process set forth in paragraph 7 shall apply and any motion to file under seal must comply with Local Rule IA 10-5 and the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

18. No Waiver. This Protective Order does not waive or prejudice the right of any Party or non-party to apply to a court of competent jurisdiction for any other or further relief or to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, and/or object to the admission of evidence at any proceeding on any ground.

19. No Admission. Entering into, agreeing to, and/or complying with the terms of the Protective Order shall not operate as an admission by any Party that any particular document, testimony of information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information.

20. Modification. This Protective Order may be modified or amended either by written agreement of the Parties or by order of the court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties.

/ / /

/ / /

/ / /

21. Future Orders. Nothing in this Protective Order shall prohibit the Parties from seeking an order from the court regarding the production or protection of documents referenced herein or other materials in the future.

Dated: September 11, 2026

THIERMAN BUCK LLP

*/s/ Leah L. Jones*
Mark R. Thierman (NBSN 8285)
Joshua D. Buck (NBSN 12187)
Leah L. Jones (NBSN 13161)
325 West Liberty Street
Reno, Nevada 89501

*Attorneys for Plaintiff*

McDONALD CARANO LLP
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Chelsea Latino*
Chelsea Latino (NSBN 14227)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501

David Rhinesmith (admitted *pro hac vice*)
C. Anne Malik (admitted *pro hac vice*)
2100 Pennsylvania Ave. NW
Washington, D.C. 20037

Anjali Prasad Vadillo (admitted *pro hac vice*)
1000 Marsh Road
Menlo Park, CA 94025

*Attorneys for Defendant Lyft Inc.*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2026

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THE STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT TRAINING and REHABILITATION, ex *rel.* CHAGOLLA

Plaintiff,

v.

LYFT, INC.,

Defendant.

Case No.: 3:23-cv-00442-ART-CLB

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, ________________________________, hereby acknowledge receipt of a copy of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-referenced action, and agree as follows:

1. I acknowledge that I have read the Protective Order and agree to be bound by its terms and conditions and to hold any "Protected Material" and/or materials disclosed to me in accordance with the Protective Order.

2. I will take all steps reasonably necessary to ensure that any secretarial, clerical, or other personnel who assist me in connection with my participation in this action will likewise comply with the terms and conditions of the Protective Order.

3. I further understand that I am to retain all copies of all documents or information marked pursuant to the Protective Order in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in the above-referenced litigation, whereupon the originals or any copies of such materials, and any work product derived from said information and/or materials, will be returned to counsel who provided the under with such materials.

4. To assure my compliance with the Protective Order, I submit to the jurisdiction of the above-referenced Court for the limited purpose of any proceeding related to the enforcement of, performance under, compliance with or violation of the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential in accordance with the Protective Order solely for the purposes of the above-referenced litigation, and not to disclose any such Protected Material to any other person, firm or concern.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ____ day of ___________________, 202__.

Signature: ____________________________
Name (printed): ________________________
Title/Position: _________________________
Employer: ____________________________
Address: _____________________________